UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :
v.                                :     **ORDER**
                                  :
RONALD LEON,                      :     18 CR 237-2 (VB)
                      Defendant.  :
--------------------------------------------------------x

Briccetti, J.:

      Now pending is defendant Ronald Leon's motion to reduce his term of imprisonment to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Docs. ##88, 94).  Leon asserts that the current COVID-19 pandemic and his health conditions warrant his early release.

      For the following reasons, the motion is DENIED.

      First, Leon's offense was exceptionally serious.  Although he was not the leader of the narcotics conspiracy in which he was involved, he directly participated in the distribution of hundreds of thousands of dollars' worth of heroin, cocaine, and fentanyl—drugs that actually kill people every day—to help a friend make enough money to pay off a large drug debt.  Leon and a co-conspirator were observed wearing surgical masks (which is somewhat ironic given the current pandemic) in a house in Yonkers used to stash and process for sale huge quantities of narcotics.  Leon did not have a criminal record, he had a history of legitimate employment, and he enjoyed strong family support.  But he knew exactly what he was doing, and what he was doing was fundamentally bad in every sense of the word.  Leon pleaded guilty to a drug conspiracy for which the mandatory minimum sentence is ten years' imprisonment.  See 21 U.S.C. §§ 846, 841(b)(1)(A).  However, because he made a successful "safety valve" proffer prior to sentencing, see 18 U.S.C. § 3553(f); U.S. Sentencing Guidelines, § 5C1.2, his applicable sentencing range was 87-108 months' imprisonment.

1

On June 27, 2019, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Leon to forty-eight months' imprisonment, substantially below the bottom of the Guidelines range, to be followed by three years of supervised release. The Court emphasized the seriousness of Leon's offense, but also took into consideration his lack of a criminal record and otherwise law-abiding life. The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Leon surrendered for the service of his sentence on August 27, 2019. To date, he has served approximately fifteen months of his forty-eight-month sentence, or less than one-third of the sentence imposed.

Second, Leon has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to and complications from the virus. See 18 U.S.C. § 3582(c)(1)(A)(i). Leon is thirty-nine years old. He is neither elderly nor infirm. Prior to sentencing, he told the probation department he was in good health and took no medications. (PSR, ¶ 57). He is a big man—telling the probation department he was six feet tall and weighed 280 pounds—which qualifies him as obese. (PSR, ¶ 56). But according to his Bureau of Prisons medical records, after being counseled by medical staff to lose weight, he lost thirty-five pounds between September and December 2019. His weight loss also had a beneficial effect on his blood pressure. According to his medical records, his blood pressure in December 2019 was a very manageable 122/74. He does not appear to require any blood pressure medication. He has no other reported medical problems. In short,

Leon's medical records reflect he has received appropriate medical care while incarcerated and continues to enjoy good health.[1]

Of course, Leon is at risk for contracting the virus at FCI Schuylkill, where he is currently housed.  However, the Court is persuaded by the government's submission that FCI Schuylkill has taken substantial measures to respond to the COVID-19 threat at its facility, thereby mitigating its spread, and has the means to competently care for its inmate population.  Indeed, there are currently no confirmed cases at FCI Schuylkill, and the few inmates who previously had COVID-19 have recovered.  See COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited December 4, 2020).

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of Leon's offense warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by more than two-thirds.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To substantially reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Leon's sentence would also undermine a critical sentencing objective in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct.  These sentencing factors

---

[1] In his reply to the government's opposition, defendant asserts that the government "concedes" defendant's health constitutes an extraordinary and compelling reason for a reduction of sentence. (Doc. #101 at 1, 3).  That is not quite accurate.  What the government actually said is that Leon's obesity "can technically" qualify as an extraordinary and compelling reason for a reduction of sentence. (Doc. #100 at 2).  But, as explained above, Leon has lost 35 pounds, his blood pressure is under control without the need for medication, he is not elderly or infirm, and he is in generally good health.  Leon's health conditions, considered as a whole, clearly do not qualify as extraordinary and compelling reasons warranting a reduction of his jail sentence by more than two-thirds.

not only supported the sentence at the time it was imposed, they also weigh strongly against Leon's early release.

Accordingly, defendant Ronald Leon's motion to reduce his term of imprisonment is DENIED.

Dated: December 4, 2020
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge